UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ANDREW RANGEL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv1229-LAB (WVG)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER DENYING MOTION FOR FEDERAL EMERGENCY INJUNCTION;**<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE ADDITIONAL PAGES; AND**<br><br>**ORDER OF DISMISSAL** |

　　　Plaintiff Gabriel Rangel, proceeding *pro se*, initiated this case by filing what appears to be a petition for relief. He did not pay the mandatory filing fee, but instead moved to proceed *in forma pauperis* ("IFP"). His IFP motion says he has no assets, liability, or income of any kind, and is not supported by the required affidavit. It claims that he is in the San Diego Central Jail, and represents that he is an indigent prisoner there. A trust account withdrawal authorization form is attached, but no prisoner trust

1

statement. The return address on the envelope, however, shows he is in Patton State Hospital[1] in Patton, California. Because the IFP motion is inadequate on many levels, it is **DENIED**.

Even assuming Rangel had been granted leave to proceed IFP, the Court would be required to screen his complaint and to dismiss it to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also raise jurisdictional issues *sua sponte*. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

Under Fed. R. Civ. P. 8(a), every complaint filed in federal court must contain a short and plain statement of the grounds for the Court's jurisdiction, and a short and plain statement of the claim showing that the plaintiff is entitled to relief. Neither the petition nor the motion for emergency injunctive relief includes any short and plain statement. It is not even clear who Rangel thinks the Defendant is, what relief he wants, what the name of the case should be, or what court he is trying to file it in. The 85-page rambling petition appears to be written in a stream-of-consciousness style and is wholly incomprehensible. Rangel's motion for emergency injunctive relief suggests he might be attempting to challenge some kind of conviction. Why he is suing the United States is unexplained. His motion says he is being imprisoned in the San Diego Central Jail pursuant to a conviction by the U.S. Supreme Court on October 21, 1966, which is the same day he was born. Rangel attaches a copy of the judgment of incompetency, dated January 25, 2017. To the extent Rangel's pleadings and moving papers are comprehensible, they are fanciful and lack any merit.

Rangel has filed one other case in this District, *Rangel v. Pacheco*, 17cv743-BTM (JLB), filed May 15, 2017; it was dismissed as frivolous on July 31, 2017.

---

[1] Patton state hospital is a forensic psychiatric hospital run by the state of California. It provides treatment to forensically and civilly committed patients.

| | |
|---|---|
| 1 | Because Rangel has not stated a claim, has not invoked the Court's jurisdiction, |
| 2 | and has neither paid the filing fee or successfully moved to proceed IFP, and because his |
| 3 | claims are frivolous, this action is **DISMISSED WITHOUT LEAVE TO AMEND**. |
| 4 | His motion for injunctive relief and his motion for leave to file additional pages (Docket |
| 5 | nos. 3 and 5) are **DENIED**. |
| 6 | |
| 7 | **IT IS SO ORDERED**. |
| 8 | Dated: September 12, 2017 |
| 9 | *[signature]* |
| 10 | Hon. Larry Alan Burns<br>United States District Judge |